UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 5:23-CV-00307-GFVT-EBA

GUOBIN ZHAO and
XIMENG ZHAO,                                                                                    PLAINTIFFS,

V.                                   **REPORT & RECOMMENDATION**

ALEJANDRO MAYORKAS, *et al.*,                                                    DEFENDANTS.

*** *** *** ***

This matter is before the Court on Defendants' Motion to Dismiss. [R. 8]. Defendants filed this motion and since then, Plaintiffs have not filed a Response and the time for a Response has elapsed under the Local Rules. *See* LR 7.1(c). As such, the matter is now ripe for review. For the reasons explained below, the undersigned will recommend that Defendants' Motion be granted.

Plaintiffs filed their *pro se* Complaint against the Defendants on November 2, 2023, alleging that the Defendants had unreasonably delayed in issuing Permanent Resident Cards, or more commonly known as "green cards," to the Plaintiffs. [*See* R. 1]. The matter was therein referred to the undersigned to oversee the proceedings in this case and prepare recommendations on any dispositive motions that were filed. [R. 6]. Since then, Defendants have filed their Motion to Dismiss, indicating that the Plaintiffs have now received their green cards and thus the matter is now moot. [R. 8]. In support of their Motion, Defendants provided exhibits showing that the green cards were mailed to Plaintiffs' counsel in New York City and that counsel forwarded the green cards to the Plaintiffs. [*See* R. 8-1; R. 8-2; R 8-3; R. 8-4; 8-5].

"'[I]f events that occur subsequent to the filing of a lawsuit or an appeal deprive the court

of the ability to give meaningful relief, then the case is moot and must be dismissed.'" *Sullivan v. Benningfield*, 920 F.3d 401, 410 (6th Cir. 2019) (quoting *Ailor v. City of Maynardville*, 368 F.3d 587, 596 (6th Cir. 2004)). "Ultimately, the 'test for mootness is whether the relief sought would, if granted, make a difference to the legal interests of the parties.'" *Id.* (quoting *McPherson v. Mich. High Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 458 (6th Cir.1997) (en banc)). Put another way, "[a] case, or portion thereof, becomes moot when events occur which resolve the controversy underlying it." *Hicks v. Williams*, No. 5:20-CV-81-TBR, 2021 WL 2784463, at *4 (W.D. Ky. July 2, 2021) (citing *Burke v. Barnes*, 479 U.S. 361, 363 (1987)).

Here, the Plaintiffs have received the relief they initially requested when they filed this case—the issuance of their green cards. Plaintiffs' counsel has confirmed that he received the green cards and forwarded them on to the Plaintiffs. [*See* R. 8-5]. Further, Plaintiffs have failed to respond to the Defendants' Motion or otherwise refute their arguments. As LR 7.1(c) states, "[f]ailure to timely respond to a motion may be grounds for granting the motion." Accordingly, given the evidence that indicates that the controversy is now moot and Plaintiffs' failure to respond to the Motion to Dismiss, the undersigned will recommend that Defendants' Motion be granted.

## Conclusion

The undersigned RECOMMENDS that Defendants' Motion to Dismiss [R. 8] be GRANTED.

\*\*\* \*\*\* \*\*\* \*\*\*

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Recommended Disposition. Particularized objections to this Recommended Disposition must be filed within fourteen days from the date of service thereof or further appeal is waived. *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Thomas v. Ann*, 728 F.2d 813, 815 (6th Cir.

1984). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(1).

Signed March 4, 2024.



Signed By:
*Edward B. Atkins* EBA
United States Magistrate Judge